IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 2:11CR00004 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CHRISTOPHER MOORE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Christopher Moore, moves for a new trial or acquittal based on my admission of certain rebuttal testimony presented by the government. For the following reasons, I deny the defendant's motion.

Moore was convicted by a jury of forcibly assaulting a federal officer or employee for allegedly kicking a corrections officer at the United States Penitentiary-Lee County ("USP-Lee"). *See* 18 U.S.C.A. § 111(a)(1) (West Supp. 2012). At trial, the defense presented testimony of several inmates who witnessed the interaction between the corrections officer and Moore. The inmates all testified that they did not see Moore kick the corrections officer and that Moore did not slap away the officer's hands during the altercation. Moore did not testify.

After the defense rested its case, the government introduced rebuttal testimony of Federal Bureau of Investigation Special Agent Doug Fender, who testified that in an interview following the incident, Moore had stated that he had slapped away the corrections officer's hands but had not kicked him. The defendant timely objected to the rebuttal testimony, arguing that it provided no new information, did not directly address evidence offered in the defense case, and could have been presented during the prosecution's case-in-chief. I overruled the objection and permitted Special Agent Fender to testify about Moore's description of the event.

The defendant now moves for acquittal or a new trial based on what he argues was the improper admission of Special Agent Fender's testimony on rebuttal. Specifically, Moore argues that the rebuttal testimony merely reiterated evidence presented in the government's case-in-chief and did not address any new evidence presented during the defendant's case.

A trial court has "broad discretion in exercising control over the 'mode and order of interrogating witnesses.'" *Pugh v. Louisville Ladder, Inc.*, 361 F. App'x 448, 458 (4th Cir. 2010) (unpublished) (quoting Fed. R. Evid. 611(a)). In particular, the admission of rebuttal evidence is within the discretion of the court. *See*, *e.g.*, *United States v. Rowley*, No. 96-4137, 1998 WL 453851, at *5 (4th Cir. July 24, 1998) (unpublished); *United States v. Willis*, No. 92-5545, 1993 WL

239011, at *4 (4th Cir. June 30, 1993) (unpublished). "Rebuttal evidence is evidence that explains, repels, counteracts, or disproves facts given in evidence by the opposing party." *United States v. Collins*, 272 F. App'x 219, 223 (4th Cir. 2007) (unpublished). Rebuttal evidence can be offered to refute or explain facts implied by the opposing party's evidence as well as those directly stated. *Id.* A party is not prohibited from presenting evidence in rebuttal simply because it could have presented the evidence in its case-in-chief. *United States v. Porter*, 544 F.2d 936, 939 (8th Cir. 1976).

Special Agent Fender's testimony clearly served the purpose of refuting the inmates' testimony presented by the defense. The defense witnesses testified on cross-examination that Moore never touched the correction officer and did not slap away his hands. Special Agent Fender testified that when he had interviewed Moore, Moore had stated that he had slapped away the officer's hands. Special Agent Fender's testimony called into question the truthfulness of the defense witnesses' testimony by showing that their testimony contradicted another account of the event at issue. Thus, the testimony was proper rebuttal evidence.

For these reasons, the Motion for Judgment of Acquittal or New Trial (ECF No. 245) is DENIED. The clerk will schedule the defendant's sentencing hearing.[1]

ENTER: September 25, 2012

/s/ JAMES P. JONES
United States District Judge

---

[1] Defendant Moore has also filed a pro se "Motion to Supplement the Record" (ECF No. 244) in which he reiterates complaints earlier made about the alleged failure of his counsel to file various pretrial motions that Moore desired her to file. I find no merit in the motion and it is also denied.